UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,　　　　　　　　　　　　Criminal No. 4:19-cr-20409
　　　　　　　　　　　　　　　　　　　　　Hon. Matthew F. Leitman
vs.

JATAVIUS L. FRANKLIN,

       Defendant.
_____/

# PRELIMINARY ORDER OF FORFEITURE

An Indictment was filed on or about June 19, 2019, which charged Defendant Jatavius L. Franklin with violating 18 U.S.C. § 922(g)(1) (Count One: Possession of a Firearm by a Felon). The Indictment included a forfeiture allegation that upon conviction of the offense charged in Count One of the Indictment, Defendant Franklin, shall forfeit to the United States any firearm and ammunition involved in the charged offense which includes (a) Taurus Model PT111G2, 9mm semi-automatic pistol, serial no. TJN09426, and (b) Eight Rounds of 9mm caliber ammunition (collectively, the firearm and ammunition noted above shall be referred to as the "Subject Property").

On August 21, 2019, Defendant Jatavius L. Franklin ("Defendant") pled guilty to violating 18 U.S.C. § 922(g)(1) as alleged in Count One of the Indictment, to include possessing the Subject Property in violation of the law.

Defendant has agreed to forfeiture of the Subject Property pursuant to 18 U.S.C. § 924(d)(1).

NOW, THEREFORE, pursuant to 18 U.S.C. § 924(d)(1) and Fed.R.Crim.P. 32.2, and based upon Defendant's guilty plea to Count One of the Indictment, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. Defendant shall forfeit to the United States any and all interest Defendant has acquired or maintained in any firearm or ammunition involved in or used in any knowing violation as described in Count One of the Indictment, which includes (a) Taurus Model PT111G2, 9mm semi-automatic pistol, serial no TJN09426, and (b) Eight Rounds of 9mm caliber Ammunition ("Subject Property").

2. Pursuant to 18 U.S.C. § 924(d)(1), the Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY**

**AND FOREVER EXTINGUISHED**.

3. The Court has determined, based upon the Indictment, Defendant's conviction and other information in the record, that there is a sufficient nexus between the Subject Property and Defendant's offense.

4. This Order shall become final as to Defendant at the time it is entered and the forfeiture shall be made part of Defendant's sentence and included in Defendant's Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 21U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on www.forfeiture.gov for at least thirty (30) consecutive days. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of

the petitioner's alleged interest in the Subject Property. Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal

Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 10, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 29, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764